UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: ____________________________

SAMUEL G. COBB,

Plaintiff,

v.

SOUTHWEST AIRLINES CO.,

Defendant.
______________________________/

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Southwest Airlines Co. ("SWA"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes this action from the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida. The removal is based on diversity of citizenship and this Court has original subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). The specific grounds for removal are the following:

## I. STATEMENT OF THE CASE

Plaintiff Samuel G. Cobb initiated this action in the Seventeenth Judicial Circuit Court in and for Broward County, Florida, on or about April 10, 2019, alleging violations of the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.01 *et seq*., and Florida common law. The action is styled Samuel G. Cobb v. Southwest Airlines Co., and is designated Case No. CACE-19-007763-12 (hereafter referred to as the "State Action"). Plaintiff first served Defendant with the Summons and Complaint on April 17, 2019. Copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as **Exhibit 1**.

## II. GROUNDS FOR REMOVAL

The State Action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) because this Court has original subject matter jurisdiction of this civil action under 28 U.S.C. § 1332(a). More specifically, this is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Id.

### (a) There is Complete Diversity of Citizenship.

According to the Complaint, Plaintiff is a resident of Florida, see **Exhibit 1**, Pl's Compl. ¶ 2, and is therefore a citizen of Florida for diversity purposes. SWA is incorporated in the State of Texas, and its principal place of business is in Dallas, Texas. See **Exhibit 2**, Declaration of Juan Suarez, Managing Director Deputy General Counsel for Southwest Airlines Co. ¶¶ 2-3. As such, SWA is a citizen of Texas for diversity of citizenship purposes. See 28 U.S.C. § 1332(c)(1).

### (b) The Amount in Controversy Exceeds $ 75,000.00.

Pursuant to 28 U.S.C. § 1446(c)(2)(A), this Notice of Removal asserts that the amount in controversy is greater than $75,000. More specifically, Plaintiff's Complaint demands an unspecified amount of damages under the FCRA and Florida common law, including back pay, front pay, prejudgment interest, compensatory damages, and attorney's fees. See **Exhibit 1**, Pl.'s Compl. ¶¶ 52 (in the unnumbered "Wherefore" clause following the stated paragraph).

Where, as in the instant case, a plaintiff has made an unspecified demand for damages in state court, the removing defendant must establish only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount for diversity jurisdiction. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); see also 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under

subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"). As such, the issue is whether—more likely than not—the amount in controversy exceeds $75,000.

Prior to filing the instant Complaint in the State Action, Plaintiff on February 2, 2017, tendered a demand of $1 million to resolve this matter. See **Exhibit 2**, Declaration of Juan Suarez, at **Exhibit A** (Feb. 2, 2017 Demand Letter from Plaintiff's counsel). Accordingly, Plaintiff's own demand clearly indicates the amount in controversy in this matter exceeds the sum of $75,000, exclusive of interest and costs. See Wrubel v. Safeco Ins. Co. of Ill., 266 F. Supp. 3d 1372, 1374 (S.D. Fla. 2017) (settlement demand in excess of $75,000 serves as evidence that the amount-in-controversy requirement has been met); see also Fischer v. State Farm Mut. Auto. Ins. Co., No. 10-14124-CIV-MARTINEZ, 2011 WL 573836, *2 (S.D. Fla. Feb. 15, 2011) (same); Bowen v. State Farm Mut. Auto. Ins. Co., No. 6:10-cv-144-Orl-19DAB, 2010 WL 1257470, at *3 (M.D. Fla. Mar. 29, 2010) (a demand letter for $100,000 constitutes "legally certain evidence that Plaintiff seeks damages in excess of $75,000"). As a result, both the diversity of citizenship and amount in controversy requirements are met, and this action may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).[1]

[1] There is also additional compelling evidence, apart from Plaintiff's pre-suit demand, that the amount in controversy exceeds $75,000. At the time Plaintiff's employment with SWA ended in October 2016, his compensation rate on an annual basis was approximately $59,500.00 gross (not including benefits) or about $4,960.00 per month (gross) for his fulltime Freight Agent position. As of this writing, approximately 31 months have elapsed, meaning that Plaintiff's back pay damages claim alone would be in excess of $150,000.00 as of this date. This figure does not include the other relief Plaintiff seeks, including front pay, compensatory damages, and attorney's fees—items that would only serve to significantly increase the amount in controversy.

## III. VENUE

Venue is proper in the United States District Court for the Southern District of Florida because SWA is removing the case from the Circuit Court in and for Broward County, Florida. See 28 U.S.C. § 1446(a).

## IV. CONSENT OF OTHER DEFENDANTS

There are no other defendants who would need to join in or consent to this Notice of Removal.

## V. TIMELINESS OF REMOVAL

SWA is removing this action within 30 days of service of the summons and Complaint on SWA on April 17, 2019. Accordingly, the removal is timely. See 28 U.S.C. § 1446(b).

## VI. ATTACHMENT OF STATE COURT PLEADINGS

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant in the State Action is annexed hereto as **Exhibit 1**.

## VII. NOTICE OF REMOVAL GIVEN TO STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Seventeenth Judicial Circuit Court in and for Broward County, Florida. See **Exhibit 3**.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile: 305.374.0456

s/ David M. DeMaio
David M. DeMaio
Florida Bar Number 886513

david.demaio@ogletreedeakins.com
Paul J. De Boe
Florida Bar Number 52051
paul.deboe@ogletreedeakins.com

Counsel for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 17, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ David M. DeMaio
David M. DeMaio

**SERVICE LIST**

*Samuel G. Cobb v. Southwest Airlines Co.*
U.S. District Court, Southern District of Florida
Case No. ________________________________________

George Castrataro
pleadings@lawgc.com
THE LAW OFFICES OF GEORGE
CASTRATARO, PA
707 Northeast 3rd Avenue, Suite 300
Fort Lauderdale, Florida 33304
Telephone: 954.573.1444
Facsimile: 954.573.6451

Co-Counsel for Plaintiff

Paul K. Silverberg
notices@pkslegal.com
SILVERBERG & WEISS, P.A.
1290 Weston Road, Suite 218
Weston, Florida 33326
Telephone: 954.384.0998
Facsimile: 954.384.5390

Co-Counsel for Plaintiff

Method of Service: CM/ECF

David M. DeMaio
david.demaio@ogletreedeakins.com
Paul J. De Boe
paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile: 305.374.0456

Counsel for Defendant

38512000.1