# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: ______________________________

SAMUEL G. COBB,

Plaintiff,

v.

SOUTHWEST AIRLINES CO.,

Defendant.
______________________________/

**DECLARATION OF JUAN SUAREZ**

I, Juan Suarez, pursuant to 28 U.S.C. § 1746, hereby declare the following:

1. I am Juan Suarez, Managing Director Deputy General Counsel for Southwest Airlines Co. ("SWA"). As a result of my job duties and responsibilities in holding this position, I have personal knowledge of the statements made in this Declaration.

2. SWA is incorporated in the State of Texas.

3. SWA's corporate headquarters and principal place of business is located at 2702 Love Field Drive, in Dallas, Texas.

4. Attached to this Declaration as Exhibit A is a copy of a letter dated February 2, 2107 from The Law Offices of George Castrataro on behalf of former SWA employee Samuel G. Cobb. SWA received this letter on or about February 10, 2017, and has kept it in the course of SWA's regular business activities.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 13th day of May, 2019.

Juan Suarez

38433966.1

# EXHIBIT A





THE LAW OFFICES OF
GEORGE CASTRATARO

Labor & Employee Relations

February 2, 2017

Southwest Airlines Headquarters
2702 Love Field Dr.
Dallas, TX 75235

**Re: Employee Samuel G. Cobb**

To Whom It May Concern:

Please take notice that the Law Offices of George Castrataro, P.A. has been retained by Samuel G. Cobb (hereinafter "Mr. Cobb") as it pertains to his employment with Southwest Airlines (hereinafter "Southwest"). Please be advised that Mr. Cobb has requested that any questions, inquiries or other communications about these matters be referred directly to our attention.

The description of facts contained herein is not intended to be exhaustive, and we specifically reserve the right to supplement and/or modify the facts as our further investigation dictates. This correspondence is sent for the sole purpose of encouraging settlement negotiations. The contents of this letter and any related communications are to be privileged and confidential.

I. CIRCUMSTANCES SURROUNDING CLAIMS

Mr. Cobb asserts that he was subjected to a pattern of outrageous and extreme discrimination based upon his disabilities and sexual orientation and after which he was ultimately retaliated against for complaining to management. Additionally, Mr. Cobb asserts that Southwest Airlines violated both State and Federal laws governing wage / hours and disability. Mr. Cobb worked for Southwest for approximately twenty years (01/1996 through 03/2016) serving the company in a number of capacities including Reservation Agent, Operations Agent, and Cargo Agent working at Oklahoma City, Dallas, TX and Fort Lauderdale, FL, respectively.

On July 15, 2005, Mr. Cobb was diagnosed with Stage 4 Colon Cancer and subsequently underwent extensive chemotherapy and had surgery to remove a large section of his intestines resulting the need for any ostomy bag. As a consequence of the chemotherapy, Mr. Cobb had difficulty concentrating and later was diagnosed with ADHD. During this time, Southwest was made aware of all his medical conditions and was incredibly supportive.

THE LAW OFFICES OF
GEORGE CASTRATARO

By November of 2014, Mr. Cobb was required to work **sixteen** to **twenty** hours per day for six days a week. This schedule was exhausting and did not allow sufficient time to eat, break and take required medication. The excessive hours continued for a period of eight months ending in July of 2015. During this time, Mr. Cobb was also routinely harassed by management as evidenced by frequent management emails, pass down logs, and manager meetings. For example, Mark Desmoni specifically stated "keep Sam Cobb working until he can't work any longer, or he's dead." Station management frequently referred to Mr. Cobb as 'that faggot Sam Cobb'. It also is important to note that management ignored Mr. Cobb's seniority (contrary to practice and policy) in determining his overtime.

During this time and still to this date, Mr. Cobb was required to take medication to help with his body's digestive system and for the ADHD that was exacerbated by the chemotherapy. These medicines keep him alive, aid in digestion, and help keep him mentally balanced so that he can perform everyday tasks. Mr. Cobb was required to take medications with food twice daily. Because the mandatory overtime interfered with his normal dosing schedule, Mr. Cobb obtained a letter from his treating physicians and turned the letter over to Eric Senz on August 4, 2014. The letter was emailed to appropriate management, including to executive management and placed in his employee work file.

Surprisingly, Mr. Cobb was never accommodated a work schedule or time off that would allow him to continue working while receiving his life-saving medicine. This disregard for his health and medical request was demonstrated in various ways. First, by simply not accommodating Mr. Cobb. Secondly, Mr. Cobb was threatened with termination because his requested accommodation required him to periodically eat, sleep, and take medication. Often he would frequently skip medication, meals, and sleep and sadly his body, and mind deteriorated. Mr. Cobb skipped well over 100 doses of medication as the side effects and required sleep, eating would interfere with his required work.

Subsequently, on March 8th, 2016, the wafer bag that collects Mr. Cobb's body's digestive end-product, became so heavy, it disconnected from his stomach. It disconnected while he was working and spilled onto the cargo floor. Other cargo employees noticed and began to harass him telling him he was disgusting and describing him as a 'nasty ass'. Cargo supervisor Dennis told him he had to clean up the mess or he would have to have HazMat come down to clean the area. He instructed him to get a mop and bucket and to hurry and to dump the waste into a storm drain in the cargo area. Additionally, witnesses overheard the supervisor Dennis speaking with Cargo

THE LAW OFFICES OF
GEORGE CASTRATARO

Manager Barbara Hagerty that he was gross and had they known he had this issue, they would have skipped over him or transfer. Following this incident Mr. Cobb was hospitalized and determined to be severely dehydrated and in critical condition. The cruelty and severity of Mr. Cobb's experiences while at Southwest resulted in PTSD for which Mr. Cobb still requirements treatment and care.

II.    CAUSES OF ACTION

Mr. Cobb is prepared to assert that Southwest has violated numerous laws and has laid a foundation for various causes of legal action against it, including by not necessarily limited to:

1. Title VII of the Civil Rights Act of 1964
2. Florida Civil Rights Act (§760.10, Fla. Stat.)
3. Americans with Disabilities Act (ADA)
4. Numerous common law and tort causes.

III.    DAMAGES/INJURY

As a direct and proximate result of the above-referenced conduct, Mr. Cobb has suffered mental pain, anguish, emotional distress, anxiety, embarrassment, humiliation, worry and anger. As a direct and proximate result of the above-referenced conduct, Mr. Cobb has also suffered financial injury. We are confident that Mr. Cobb will prevail on his claims and may be entitled to compensatory damages, punitive damages and attorneys' fees.

IV.    DEMAND

Mr. Cobb demands $1,000,000.00 in full settlement of his claims. Should litigation be required we will demand damages due to the nature of the conduct and injury to Mr. Cobb. Your immediate response is requested as Mr. Cobb has directed me to file the appropriate claims within 14 days.

Most Sincerely,

George Castrataro, MPH, Esq.
Attorney at Law

George Castrataro, Esq.
707 NE 3rd Ave, Suite 300
Fort Lauderdale, Florida 33304

7016 1970 0000 8998 2768

$6.56⁰
US POSTAGE
FIRST-CLASS
FROM 33304
FEB 02 2017
stamps.com
062S0007970786

Southwest Airlines Headquarters
2702 Love Field Dr.
Dallas TX 75235-1908